ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Parte Recurrida<br><br><br>v.<br><br><br><br>YAMELIT MALDONADO SOTO<br><br>Parte Peticionaria | TA2026CE00680 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D CD2016-0308<br><br>Sala: 504<br><br>Sobre:<br>Cobro de dinero y Ejecución de hipoteca por la vía ordinaria |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2026.

Compareció ante este Tribunal la parte peticionaria, la Sra. Yamelit Maldonado Soto (en adelante, "señora Maldonado Soto o "Peticionaria"), mediante petición de *certiorari* presentada el 27 de mayo de 2026. Nos solicitó la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI"), el 9 de abril de 2026, notificada y archivada en autos el 16 del mismo mes y año. Dicho dictamen fue objeto de una "**Urgente Moción de Reconsideración**" presentada por la señora Maldonado Soto, la cual fue declarada "No Ha Lugar" mediante *Orden* de 20 de abril de 2026 y notificada el 27 de abril de 2026.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, prescindimos de la comparecencia de la parte recurrida, al amparo de la Regla 7(B)(5) del Reglamento de este Tribunal,[1] y por los fundamentos que expondremos a continuación, *denegamos* la expedición del recurso de *certiorari* ante nuestra consideración.

---

[1] *Véase*, Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

**I.**

El presente caso tuvo su génesis el 8 de febrero de 2016, cuando el Banco Popular de Puerto Rico (en adelante, "BPPR") presentó una "**Demanda**" sobre cobro de dinero y ejecución de hipoteca contra la señora Maldonado Soto. Luego de ser emplazada personalmente el 2 de marzo de 2016 y no comparecer oportunamente al pleito, el TPI le anotó la rebeldía el 27 de mayo de 2016. Posteriormente, el 10 de agosto de 2016, el foro de instancia dictó *Sentencia en Rebeldía*, notificada el 18 de agosto de 2016, mediante la cual declaró "Ha Lugar" la reclamación presentada por el BPPR.

Posteriormente, el 7 de septiembre de 2016, la señora Maldonado Soto presentó una "**Moción de Reconsideración, de Relevo, Solicitud de Mediación Compulsoria, Solicitando Remedios y Otros Extremos**", la cual fue declarada "No Ha Lugar" mediante *Resolución* de 15 de septiembre de 2016. Posteriormente, la Peticionaria acudió ante este Tribunal mediante recurso de apelación, el cual fue desestimado por falta de jurisdicción debido a su presentación tardía. Por otro lado, el 6 de octubre de 2016, la señora Maldonado Soto presentó una "**Urgente Moción Solicitando Desestimación, se Detenga Proceso de Ejecución, en Solicitud de Mediación, Contestación a Demanda y Reconvención**". Mediante dicho escrito, solicitó que se dejara sin efecto la *Sentencia* dictada en su contra y que se desestimara la acción. En resumidas cuentas, sostuvo que el BPPR incumplió con determinadas disposiciones estatales y federales relacionadas con los procedimientos de mitigación de pérdidas y la ejecución hipotecaria, lo que, a su juicio, incidía sobre la validez de los procedimientos y justificaba tanto el relevo de la *Sentencia en Rebeldía* como la desestimación del pleito.

Tras diversos incidentes procesales y la reanudación de los procedimientos luego de una moratoria concedida, la señora Maldonado Soto presentó nuevamente una "**Moción de Desestimación**" el 22 de junio de 2023 bajo los mismos fundamentos. El BPPR se opuso mediante una "**Moción Informativa en Cumplimiento de Orden y en Solicitud de Resolución que Declare No Ha Lugar Solicitud de Desestimación**" presentada el 6 de mayo de 2024.

Inicialmente, el TPI denegó la mencionada "**Moción de Desestimación**". Sin embargo, a raíz de una "**Moción de Reconsideración**" presentada por la

Peticionaria, el foro *a quo* dejó sin efecto dicha determinación y les concedió a las partes la oportunidad de continuar exponiendo sus respectivas posiciones. En cumplimiento con lo ordenado, el BPPR presentó una "**Réplica a Solicitud de Reconsideración en Cumplimiento de Orden**" el 2 de agosto de 2024. Finalmente, mediante *Orden* emitida el 11 de septiembre de 2024 y notificada el 13 de septiembre de 2024, el TPI declaró nuevamente "No Ha Lugar" la referida petición.

Insatisfecha con dicha decisión, la señora Maldonado Soto acudió ante este Tribunal intermedio mediante un recurso de *certiorari* identificado con el alfanumérico KLCE202401116. En esencia, alegó que el foro primario incidió al negarse a desestimar la acción y a conceder el relevo solicitado, pese a los alegados incumplimientos del BPPR con la normativa aplicable a los procesos de mitigación de pérdidas y ejecución hipotecaria, así como por las consecuencias que, según sostuvo, dichos incumplimientos tuvieron sobre la validez de los procedimientos. El 13 de septiembre de 2024, un panel hermano de este Tribunal concluyó que no existían fundamentos que justificaran la concesión del relevo solicitado ni la desestimación del pleito, pues sus argumentos no se sostenían en la documentación que sometió ante el TPI. Asimismo, impuso a la Peticionaria la suma de $1,000.00 por concepto de honorarios de abogado, tras determinar que su actuación fue temeraria, más los intereses legales pertinentes. Posteriormente, la Peticionaria recurrió ante el Tribunal Supremo mediante recurso de *certiorari.* Sin embargo, dicho foro denegó la expedición del auto solicitado mediante *Resolución* emitida el 14 de febrero de 2025. Más adelante, el 2 de abril de 2025, la Peticionaria solicitó ser considerada nuevamente para una alternativa de pago.

Así las cosas, el 27 de enero de 2026, el BPPR presentó una **"Moción Informativa en Solicitud de Continuación de Procedimientos, Pago de Honorarios por Temeridad Impuestos por el Tribunal y Nueva Orden para Ejecución de Sentencia"**. En esencia, sostuvo que había expirado el término adicional concedido a la señora Maldonado Soto para informar si aceptaba la alternativa de modificación previamente aprobada por BPPR luego de dictada la *Sentencia en Rebeldía*, por lo que procedía la continuación de los procedimientos posteriores a la sentencia. Asimismo, solicitó el pago de los honorarios por

temeridad impuestos por este Tribunal mediante *Sentencia* emitida el 8 de noviembre de 2024.

Posteriormente, el 16 de marzo de 2026, el BPPR presentó una **"Moción Reiterando 'Moción informativa en Solicitud de Continuación de Procedimientos, Pago de Honorarios por Temeridad impuestos por el Tribunal y Nueva Orden para Ejecución de Sentencia'"**, mediante la cual reiteró los remedios previamente solicitados. Por su parte, la Peticionaria presentó una solicitud de prórroga con el propósito de replicar al escrito presentado por el BPPR. Sin embargo, mediante *Orden* emitida el 9 de abril de 2026, el TPI declaró "Ha Lugar" la solicitud presentada por la referida institución bancaria y, a su vez, denegó la petición de prórroga presentada por la señora Maldonado Soto. Dicho dictamen fue objeto de una "**Urgente Moción de Reconsideración**" presentada por la señora Maldonado Soto, la cual fue declarada "No Ha Lugar" mediante *Orden* de 20 de abril de 2026.

Inconforme con lo resuelto por el TPI, la Peticionaria acudió ante este Tribunal mediante el recurso de epígrafe, en el cual señaló la comisión de los siguientes errores:

> A. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL NO ACOGER LA MOCIÓN DE PRÓRROGA PARA REPLICAR A MOCIÓN DE LA PARTE DEMANDANTE DE EPÍGRAFE, PORQUE LA PARTE RECURRENTE PRESENTÓ OPORTUNAMENTE DICHA MOCIÓN ANTE EL FORO DE INSTANCIA.

> B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL INSISTIR EN QUE LA PARTE RECURRENTE SATISFAGA EL PAGO DE $ 1,000 EN CONCEPTO DE HONORARIOS DE ABOGADOS, CUANDO ES LA PARTE RECURRENTE LA AGRAVIADA EN ESTE CASO, DADO QUE LA PARTE RECURRIDA LLEVA AÑOS INCURRIENDO EN UN PATRÓN DE SOLICITARLE DE FORMA REPETITIVA A LA PARTE RECURRENTE LOS MISMOS DOCUMENTOS, QUE YA LE ENTREGÓ, DE MITIGACIÓN DE PÉRDIDAS.

> C. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL EMITIR NUEVA ORDEN DE EJECUCIÓN DE SENTENCIA, PESE A QUE LA PARTE RECURRIDA NO HA DEMOSTRADO EL HABER OFRECIDO A LA PARTE RECURRENTE TODAS LAS ALTERNATIVAS DE MITIGACIÓN DE PÉRDIDAS.

## II.

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal

inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR 314, 336 (2023). Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023). En lo pertinente, la precitada disposición reglamentaria establece lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990).  Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

### III.

En el presente caso, la señora Maldonado Soto nos solicitó la revocación de la *Orden* emitida por el TPI mediante la cual se declaró "Ha Lugar" la "**Moción Informativa en Solicitud de Continuación de Procedimientos, Pago de Honorarios por Temeridad Impuestos por el Tribunal y Nueva Orden para Ejecución de Sentencia**" presentada por BPPR.

Los señalamientos de error planteados por la Peticionaria se encuentran estrechamente vinculados entre sí, por lo que procede examinarlos de forma conjunta. En esencia, sostiene que el TPI incidió al: (1) denegar su solicitud de prórroga para replicar, a pesar de haber sido presentada oportunamente; (2) insistir en el pago de $1,000.00 por concepto de honorarios de abogado, aun cuando entiende ser la parte perjudicada por las actuaciones que dieron lugar al presente

litigio y (3) ordenar la continuación de los procedimientos de ejecución de sentencia sin que, alegadamente, se hubiese acreditado el ofrecimiento de todas las alternativas de mitigación de pérdidas requeridas por ley. Veamos.

Tras una evaluación detenida del expediente ante nuestra consideración, al igual que los autos electrónicos del foro recurrido, encontramos que el TPI no incidió, ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, que haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco el Peticionario demostró que el foro de instancia actuó con prejuicio o cometiera un error manifiesto en su determinación.

Ello adquiere especial pertinencia en el presente caso, toda vez que los planteamientos medulares esbozados por la señora Maldonado Soto fueron previamente **atendidos y adjudicados** por un panel hermano de este Tribunal en el caso núm. KLCE202401116 mediante *Sentencia* de 8 de noviembre de 2024, la cual fue objeto de una petición de *certiorari* ante el Tribunal Supremo que fue denegada. En aquella ocasión, este Tribunal concluyó que no existían fundamentos para conceder el relevo de la *Sentencia en Rebeldía* solicitado, ni para desestimar la acción instada por el BPPR por presuntamente incumplir con el ofrecimiento de las alternativas de mitigación de pérdidas. Dicha determinación advino final, firme e inapelable tras la denegatoria del recurso de *certiorari* presentado ante nuestro Tribunal Supremo y constituye la ley del presente caso.

Como se percibe, el objetivo del recurso que nos ocupa está dirigido a que este Tribunal utilice sus facultades discrecionales para que no se ejecute la *Sentencia* emitida por el panel hermano el 8 de noviembre de 2024. Siendo esa la realidad de los argumentos traídos ante nuestra consideración por vía del auto de *certiorari* de epígrafe, colegimos que no procede utilizar el recurso que nos ocupa como vehículo para relitigar controversias que ya fueron objeto de adjudicación judicial. Dicho de otro modo, los planteamientos relacionados con el alegado incumplimiento de los requisitos de mitigación de pérdidas, la procedencia de la ejecución de sentencia y la imposición de los honorarios de abogado por temeridad constituyen asuntos que ya fueron considerados y resueltos por los foros con jurisdicción para ello.

Igual suerte corre el planteamiento relacionado con la denegatoria de la solicitud de prórroga. Aun si esta hubiese sido presentada oportunamente, ello no alteraba el curso de acción que correspondía seguir en el caso, pues la solicitud presentada por el BPPR estaba dirigida a continuar los procedimientos conforme al estado procesal del pleito y a las determinaciones judiciales que ya habían advenido finales y firmes. Por consiguiente, el foro de instancia se limitó a dar cumplimiento a la ley del caso.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la determinación judicial recurrida y tampoco hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones